KASEN & KASEN, P.C.
Jenny R. Kasen, Esq. (NJ Bar No. 02771)
Society Hill Office Park
1874 E. Marlton Pike, Suite 3
Cherry Hill, NJ  08003
Telephone (856) 424-4144
Facsimile (856) 424-7565
E-Mail: jkasen@kasenlaw.com
*Counsel to Defendant*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 7 |
| Hussan A. Kazmi, | Case No. 23-21114-ABA |
| Debtors. | |
| Joseph D. Marchand, Chapter 7 Trustee, | |
| Plaintiff, | Adversary No. 25-01025-ABA |
| v. | |
| Hussan A. Kazmi, | |
| Defendant. | |

### DEFENDANT'S ANSWER TO ADVERSARY
### COMPLAINT FOR DENIAL OF DISCHARGE

Hussan A. Kazmi (the "**Defendant**"), by and through his undersigned counsel and pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure, submits this answer (the "**Answer**") to the *Adversary Complaint for Denial of Discharge* filed by Joseph D. Marchand, Chapter 7 Trustee (the "**Plaintiff**") as follows:

## PRELIMINARY STATEMENT

This adversary proceeding arises from a Chapter 7 bankruptcy case in which the Debtor, Hussan A. Kazmi, made complete, accurate, and timely disclosures in all required filings, submissions and testimony. The Debtor has fully cooperated with the Trustee.  He gave two days of 341(a) testimony, and substantive responded to more than a dozen informal document requests – providing thousands of pages of documents including all tax returns, all bank statements, and all business records.  No material errors or omissions have been identified by the United States Trustee or by the Trustee in this case.

Significantly, an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's petition, schedules, or statements. See D.I. 24. This finding independently supports that the Debtor acted in good faith, did not conceal property, and made no false oaths.

The Trustee's Complaint attempts to reframe fully disclosed mortgage and car payments— made from business accounts to provide housing and transportation for the Debtor and his family—as fraudulent, improper, or intended to conceal assets or transfer value to others. The Debtor denies these characterizations and respectfully submits that the Complaint fails to establish any basis to deny discharge under 11 U.S.C. § 727.

## JURISDICTION AND VENUE

1.      Defendant admits that he filed a personal chapter 7 bankruptcy on November 30, 2023 (the "**Petition Date**").  Defendant denies all remaining allegations of this paragraph.

2.      The allegations of this paragraph set forth assertions of law to which no response is required. To the extent a response is required, Defendant admits that this Court has subject matter jurisdiction over this adversary proceeding. Defendant denies all remaining allegations of this paragraph.

3.      Defendant admits that through this lawsuit, Plaintiff seeks denial of discharge under section 727 of the Bankruptcy Code.  Defendant denies, however, that Plaintiff is entitled to the relief he seeks, and denies all remaining allegations of this paragraph.

4.      The allegations of this paragraph set forth assertions of law to which no response is required. To the extent a response is required, Defendant admits that this adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Defendant denies all remaining allegations of this paragraph.

5.      The allegations of this paragraph set forth assertions of law to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this district pursuant to 28 U.S.C. § 1409.  Defendant denies all remaining allegations of this paragraph.

## PARTIES

6.      Defendant admits that Plaintiff is the appointed chapter 7 trustee in the above-captioned chapter 7 bankruptcy case.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies all remaining allegations of this paragraph.

7.      Defendant admits that he and his family resides at 204 Silver Leaf Court, Mullica Hill, New Jersey 08062 (the "**Mullica Hill Property**"). Defendant denies all remaining allegations of this paragraph.

## FACTUAL BACKGROUND

8.      Defendant admits that he has made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times.  Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition. *See* D.I. 24. Defendant

admits that mortgage payments were made from business accounts, and that such payments were made to provide housing for the Defendant and his family. Defendant denies that these mortgage payments were improper, or intended to conceal assets or transfer value to others. Defendant denies all remaining allegations of this paragraph.

**A.    The allegations of this paragraph do not set forth assertions of fact to which a response is required.**

9.    Defendant admits that he has made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times. Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition. *See* D.I. 24. Defendant denies all remaining allegations of this paragraph.

10.    Defendant admits that he has made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times. Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition. *See* D.I. 24. Defendant denies all remaining allegations of this paragraph.

11.    Defendant admits that he has made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times. Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition. *See* D.I. 24. Defendant denies all remaining allegations of this paragraph.

12.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the allegations of this paragraph.

13.    Defendant admits that he has made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times.    Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition. *See* D.I. 24.  Defendant denies all remaining allegations of this paragraph.

14.    Defendant admits that he has made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times.    Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition. *See* D.I. 24.  Defendant denies all remaining allegations of this paragraph.

15.    Defendant denies the allegations of this paragraph.

16.    Defendant denies the allegations of this paragraph.

17.    Defendant admits that he has made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times.    Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition. *See* D.I. 24.  Defendant denies all remaining allegations of this paragraph.

18.    Defendant admits that he has made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times.  Defendant denies all remaining allegations of this paragraph.

19.    Defendant admits that he has made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times.    Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no

material misstatements in the Debtor's schedules, statements, or petition. *See* D.I. 24. Defendant admits that mortgage payments were made from business accounts, and that such payments were made to provide housing for the Defendant and his family. Defendant denies that these mortgage payments were improper, or intended to conceal assets or transfer value to others. Defendant denies all remaining allegations of this paragraph.

20.     Defendant admits that he has made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times. Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition. *See* D.I. 24. Defendant admits that mortgage payments were made from business accounts, and that such payments were made to provide housing for the Defendant and his family. Defendant denies that these mortgage payments were improper, or intended to conceal assets or transfer value to others. Defendant denies all remaining allegations of this paragraph.

21.     Defendant denies the allegations of this paragraph.

22.     Defendant denies the allegations of this paragraph.

**B.     Defendant admits that he has made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times. Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition. *See* D.I. 24. Defendant admits that mortgage payments were made from business accounts, and that such payments were made to provide housing for the Defendant and his family. Defendant denies that these mortgage payments were improper, or intended to conceal assets or transfer value to others. Defendant denies all remaining allegations of this paragraph.**

23.     Defendant admits that he has made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times. Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no

material misstatements in the Debtor's schedules, statements, or petition.  *See* D.I. 24.  Defendant admits that mortgage payments were made from business accounts, and that such payments were made to provide housing for the Defendant and his family. Defendant denies that these mortgage payments were improper, or intended to conceal assets or transfer value to others.  Defendant denies all remaining allegations of this paragraph.

24.    Defendant admits that he does not currently hold, and has never held in the past, a title interest, any equitable interest, statutory interest, or any other interest in the Mullica Hill Property.  Defendant admits that he has made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times.  Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition.  *See* D.I. 24.  Defendant admits that mortgage payments were made from business accounts, and that such payments were made to provide housing for the Defendant and his family. Defendant denies that these mortgage payments were improper, or intended to conceal assets or transfer value to others.  Defendant denies all remaining allegations of this paragraph.

25.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the allegations of this paragraph.

26.    Defendant admits that he has made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times.  Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition.  *See* D.I. 24.  Defendant admits that mortgage payments were made from business accounts, and that such payments were

made to provide housing for the Defendant and his family. Defendant denies that these mortgage payments were improper, or intended to conceal assets or transfer value to others.  Defendant denies all remaining allegations of this paragraph.

27.     Defendant admits that he has made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times.  Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition. *See* D.I. 24.  Defendant admits that mortgage payments were made from business accounts, and that such payments were made to provide housing for the Defendant and his family. Defendant denies that these mortgage payments were improper, or intended to conceal assets or transfer value to others.  Defendant denies all remaining allegations of this paragraph.

28.     Defendant admits that he has made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times.  Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition. *See* D.I. 24.  Defendant admits that mortgage payments were made from business accounts, and that such payments were made to provide housing for the Defendant and his family. Defendant denies that these mortgage payments were improper, or intended to conceal assets or transfer value to others.  Defendant denies all remaining allegations of this paragraph.

29.     Defendant admits that he has made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times.  Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition. *See* D.I. 24.  Defendant

admits that mortgage payments were made from business accounts, and that such payments were made to provide housing for the Defendant and his family. Defendant denies that these mortgage payments were improper, or intended to conceal assets or transfer value to others. Defendant denies all remaining allegations of this paragraph.

30.     Defendant admits that he has made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times. Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition. *See* D.I. 24. Defendant admits that mortgage payments were made from business accounts, and that such payments were made to provide housing for the Defendant and his family. Defendant denies that these mortgage payments were improper, or intended to conceal assets or transfer value to others. Defendant denies all remaining allegations of this paragraph.

31.     Defendant admits that he has made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times. Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition. *See* D.I. 24. Defendant admits that mortgage payments were made from business accounts, and that such payments were made to provide housing for the Defendant and his family. Defendant denies that these mortgage payments were improper, or intended to conceal assets or transfer value to others. Defendant denies all remaining allegations of this paragraph.

32.     Defendant admits that he has made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times. Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no

material misstatements in the Debtor's schedules, statements, or petition.  *See* D.I. 24.  Defendant admits that mortgage payments were made from business accounts, and that such payments were made to provide housing for the Defendant and his family. Defendant denies that these mortgage payments were improper, or intended to conceal assets or transfer value to others.  Defendant denies all remaining allegations of this paragraph.

33.     Defendant admits that he has made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times.  Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition.  *See* D.I. 24.  Defendant admits that mortgage payments were made from business accounts, and that such payments were made to provide housing for the Defendant and his family. Defendant denies that these mortgage payments were improper, or intended to conceal assets or transfer value to others.  Defendant denies all remaining allegations of this paragraph.

34.     Defendant admits that he has made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times.  Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition.  *See* D.I. 24.  Defendant admits that mortgage payments were made from business accounts, and that such payments were made to provide housing for the Defendant and his family. Defendant denies that these mortgage payments were improper, or intended to conceal assets or transfer value to others.  Defendant denies all remaining allegations of this paragraph.

35.     Defendant admits that he has made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times.  Defendant admits an independent audit

conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition. *See* D.I. 24. Defendant admits that mortgage payments were made from business accounts, and that such payments were made to provide housing for the Defendant and his family. Defendant denies that these mortgage payments were improper, or intended to conceal assets or transfer value to others. Defendant denies all remaining allegations of this paragraph.

36.     Defendant admits that he has made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times. Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition. *See* D.I. 24. Defendant admits that mortgage payments were made from business accounts, and that such payments were made to provide housing for the Defendant and his family. Defendant denies that these mortgage payments were improper, or intended to conceal assets or transfer value to others. Defendant denies all remaining allegations of this paragraph.

37.     Defendant admits that he has made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times. Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition. *See* D.I. 24. Defendant admits that mortgage payments were made from business accounts, and that such payments were made to provide housing for the Defendant and his family. Defendant denies that these mortgage payments were improper, or intended to conceal assets or transfer value to others. Defendant denies all remaining allegations of this paragraph.

C.    **Defendant admits that he has made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times.  Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition.  *See* D.I. 24.  Defendant admits that mortgage payments were made from business accounts, and that such payments were made to provide housing for the Defendant and his family. Defendant denies that these mortgage payments were improper, or intended to conceal assets or transfer value to others.  Defendant denies all remaining allegations of this paragraph.**

38.    Defendant admits that he made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times.  Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition.  *See* D.I. 24.  Defendant admits that mortgage payments were made from business accounts, and that such payments were made to provide housing for the Defendant and his family. Defendant denies that these mortgage payments were improper, or intended to conceal assets or transfer value to others.  Defendant denies all remaining allegations of this paragraph.

39.    Defendant admits that he made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times.  Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition.  *See* D.I. 24.  Defendant admits that mortgage payments were made from business accounts, and that such payments were made to provide housing for the Defendant and his family. Defendant denies that these mortgage payments were improper, or intended to conceal assets or transfer value to others.  Defendant denies all remaining allegations of this paragraph.

40.    Defendant admits that he made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times.  Defendant admits an independent audit conducted

by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition. *See* D.I. 24. Defendant admits that mortgage payments were made from business accounts, and that such payments were made to provide housing for the Defendant and his family. Defendant denies that these mortgage payments were improper, or intended to conceal assets or transfer value to others. Defendant denies all remaining allegations of this paragraph.

41.    Defendant admits that he made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times. Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition. *See* D.I. 24. Defendant admits that mortgage payments were made from business accounts, and that such payments were made to provide housing for the Defendant and his family. Defendant denies that these mortgage payments were improper, or intended to conceal assets or transfer value to others. Defendant denies all remaining allegations of this paragraph.

42.    Defendant admits that he made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times. Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition. *See* D.I. 24. Defendant admits that mortgage payments were made from business accounts, and that such payments were made to provide housing for the Defendant and his family. Defendant denies that these mortgage payments were improper, or intended to conceal assets or transfer value to others. Defendant denies all remaining allegations of this paragraph.

43.     Defendant admits that he made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times.  Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition.  *See* D.I. 24.  Defendant admits that mortgage payments were made from business accounts, and that such payments were made to provide housing for the Defendant and his family. Defendant denies that these mortgage payments were improper, or intended to conceal assets or transfer value to others.  Defendant denies all remaining allegations of this paragraph.

44.     Defendant admits that he made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times.  Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition.  *See* D.I. 24.  Defendant admits that mortgage payments were made from business accounts, and that such payments were made to provide housing for the Defendant and his family. Defendant denies that these mortgage payments were improper, or intended to conceal assets or transfer value to others.  Defendant denies all remaining allegations of this paragraph.

45.     Defendant admits that he made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times.  Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition.  *See* D.I. 24.  Defendant admits that car payments were made from business accounts, and that such payments were made to provide transportation for Defendants' family. Defendant denies that these transportation

payments were improper, or intended to conceal assets or transfer value to others.   Defendant denies all remaining allegations of this paragraph.

46.      Defendant admits that he made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times.   Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition.   *See* D.I. 24.   Defendant admits that car payments were made from business accounts, and that such payments were made to provide transportation for Defendants' family.   Defendant denies that these transportation payments were improper, or intended to conceal assets or transfer value to others.   Defendant denies all remaining allegations of this paragraph.

**D.      Defendant denies the allegations of this paragraph**

47.      Defendant admits Fastfuel Enterprises LLC is owned by his daughter.   Defendant denies all remaining allegations of this paragraph.

48.      Defendant admits Kazmi Enterprises, Inc. ceased operations as of the Petition Date, but has not yet been formally dissolved.   Defendant denies all remaining allegations of this paragraph.

49.      Defendant admits Evergreen Wholesale Inc. was dissolved on April 8, 2023.

50.      Defendant admits that he made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times.   Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition.   *See* D.I. 24.   Defendant admits that mortgage and car payments were made from business accounts, and that such payments were made to provide housing and transportation for the Defendant and his family. Defendant denies

that these mortgage and car payments were improper, or intended to conceal assets or transfer value to others.  Defendant denies all remaining allegations of this paragraph.

51.     Defendant admits Fastfuel Enterprises LLC is owned by his daughter.  Defendant denies all remaining allegations of this paragraph.

52.     Defendant denies the allegations of this paragraph.

53.     Defendant admits that Fastfuel Enterprises LLC is owned by his adult daughter.

54.     Defendant denies the allegations of this paragraph.

**E.      Defendant admits that he made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times.  Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition.  *See* D.I. 24.  Defendant denies all remaining allegations of this paragraph.**

55.     Defendant admits that he made complete, accurate and timely disclosures in all filings, submissions, testimony, and at all times.  Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition.  *See* D.I. 24.  Defendant denies all remaining allegations of this paragraph.

56.     Defendant admits that he made complete, accurate and timely disclosures in all filings, submissions, testimony, and at all times.  Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition.  *See* D.I. 24.  Defendant denies all remaining allegations of this paragraph.

57.     Defendant admits that he made complete, accurate and timely disclosures in all filings, submissions, testimony, and at all times.  Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material

misstatements in the Debtor's schedules, statements, or petition. *See* D.I. 24. Defendant denies all remaining allegations of this paragraph.

58. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and denies the allegations of this paragraph.

59. Defendant admits that he made complete, accurate and timely disclosures in all filings, submissions, testimony, and at all times. Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition. *See* D.I. 24. Defendant denies all remaining allegations of this paragraph.

60. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and denies the allegations of this paragraph.

61. Defendant admits that he made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times. Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition. *See* D.I. 24. Defendant admits that mortgage and car payments were made from business accounts, and that such payments were made to provide housing and transportation for the Defendant and his family. Defendant denies that these mortgage and car payments were improper, or intended to conceal assets or transfer value to others. Defendant denies all remaining allegations of this paragraph.

62. Defendant admits that he made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times. Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition. *See* D.I. 24. Defendant admits

that mortgage and car payments were made from business accounts, and that such payments were made to provide housing and transportation for the Defendant and his family. Defendant denies that these mortgage and car payments were improper, or intended to conceal assets or transfer value to others. Defendant denies all remaining allegations of this paragraph.

63.    Defendant admits that he made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times. Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition. *See* D.I. 24. Defendant denies all remaining allegations of this paragraph.

64.    Defendant admits that he made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times. Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition. *See* D.I. 24. Defendant denies all remaining allegations of this paragraph.

**F.    Defendant denies the allegations of this paragraph**

65.    Defendant denies the allegations of this paragraph.

66.    Defendant admits that he previously filed for bankruptcy twenty (20) years ago – in 2005. Defendant denies all remaining allegations of this paragraph.

67.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and denies the allegations of this paragraph.

68.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and denies the allegations of this paragraph.

69.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and denies the allegations of this paragraph.

70.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and denies the allegations of this paragraph.

71.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and denies the allegations of this paragraph.

72.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and denies the allegations of this paragraph.

73.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and denies the allegations of this paragraph.

74.    Defendant denies the allegations of this paragraph.

75.    Defendant denies the allegations of this paragraph.

**G.    The allegations of this paragraph do not set forth assertions of fact to which a response is required. To the extent a response is required, Defendant denies the allegations of this paragraph**

76.    Defendant denies the allegations of this paragraph.

77.    Defendant admits that he made complete, accurate and timely disclosures in all filings, submissions, testimony, and at all times.  Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition.  *See* D.I. 24.  Defendant denies all remaining allegations of this paragraph.

78.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and denies the allegations of this paragraph.

79.    The allegations of this paragraph do not set forth assertions of fact to which a response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

80.    The allegations of this paragraph do not set forth assertions of fact to which a response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

81.    The allegations of this paragraph do not set forth assertions of fact to which a response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

82.    The allegations of this paragraph do not set forth assertions of fact to which a response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

## <u>COUNT ONE</u>
### (Denial of Discharge Pursuant to 11 U.S.C. § 727(a)(4)(A))

83.    Defendant repeats and realleges its responses set forth above as if fully set forth herein.

84.    Defendant admits that he does not currently hold, and has never held in the past, a title interest, any equitable interest, statutory interest, or any other interest in the Mullica Hill Property.  Defendant admits that his wife and brother have at all times held legal title to the Mullica Hill Property. Defendant denies all remaining allegations of this paragraph.

85.    Defendant denies the allegations of this paragraph.

86.    Defendant denies the allegations of this paragraph.

87.    Defendant denies the allegations of this paragraph.

88.     Defendant admits that he made complete, accurate and timely disclosures in all filings, submissions, testimony, and at all times.  Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition.  *See* D.I. 24.  Defendant denies all remaining allegations of this paragraph.

89.     The allegations of this paragraph do not set forth assertions of fact to which a response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

90.     Defendant denies the allegations of this paragraph.

91.     Defendant denies the allegations of this paragraph.

92.     Defendant denies the allegations of this paragraph.

93.     Defendant denies the allegations of this paragraph.

Pertaining to the WHEREFORE clauses following the preceding paragraph, Defendant denies the allegations thereof, and affirmatively states that Plaintiff is not entitled to the order and judgment he seeks.

## COUNT TWO
### (Denial of Discharge Pursuant to 11 U.S.C. § 727(a)(4)(A))

94.     Defendant repeats and realleges its responses set forth above as if fully set forth herein.

95.     Defendant denies the allegations of this paragraph.

96. The allegations of this paragraph do not set forth assertions of fact to which a response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

97. The allegations of this paragraph do not set forth assertions of fact to which a response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

Pertaining to the WHEREFORE clauses following the preceding paragraph, Defendant denies the allegations thereof, and affirmatively states that Plaintiff is not entitled to the order and judgment he seeks.

## COUNT THREE
### (Denial of Discharge Pursuant to 11 U.S.C. § 727(a)(4)(A))

98.    Defendant repeats and realleges its responses set forth above as if fully set forth herein.

99.    Defendant admits that he made complete, accurate and timely disclosures in all filings, submissions, testimony, and at all times. Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition. *See* D.I. 24. Defendant denies all remaining allegations of this paragraph.

100.   Defendant admits that he made complete, accurate and timely disclosures in all filings, submissions, testimony, and at all times. Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition. *See* D.I. 24. Defendant denies all remaining allegations of this paragraph.

101.   Defendant denies the allegations of this paragraph.

102.   Defendant denies the allegations of this paragraph.

103.   Defendant denies the allegations of this paragraph.

Pertaining to the WHEREFORE clauses following the preceding, Defendant denies the allegations thereof, and affirmatively states that Plaintiff is not entitled to the order and judgment he seeks.

## COUNT FOUR
### (Denial of Discharge Pursuant to 11 U.S.C. § 727(a)(4)(D))

104.    Defendant repeats and realleges its responses set forth above as if fully set forth herein.

105.    Defendant denies the allegations of this paragraph.

106.    Defendant denies the allegations of this paragraph.

107.    Defendant admits that he made complete, accurate and timely disclosures in all filings, submissions, testimony, and at all times.  Defendant denies all remaining allegations of this paragraph.

108.    Defendant admits that he made complete, accurate and timely disclosures in all filings, submissions, testimony, and at all times.  Defendant denies all remaining allegations of this paragraph.

109.    Defendant denies the allegations of this paragraph.

110.    The allegations of this paragraph do not set forth assertions of fact to which a response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

Pertaining to the WHEREFORE clauses following the preceding, Defendant denies the allegations thereof, and affirmatively states that Plaintiff is not entitled to the order and judgment he seeks.

## COUNT FIVE
### (Denial of Discharge Pursuant to 11 U.S.C. § 727(a)(3))

111.    Defendant repeats and realleges its responses set forth above as if fully set forth herein.

112.    Defendant denies the allegations of this paragraph.

113.    The allegations of this paragraph do not set forth assertions of fact to which a response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

Pertaining to the WHEREFORE clauses following the preceding paragraph, Defendant denies the allegations thereof, and affirmatively states that Plaintiff is not entitled to the order and judgment he seeks.

## COUNT SIX
### (Denial of Discharge Pursuant to 11 U.S.C. § 727(a)(2)

114.    Defendant repeats and realleges its responses set forth above as if fully set forth herein.

115.    Defendant denies the allegations of this paragraph.

116.    The allegations of this paragraph set forth assertions of law to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

117.    Defendant denies the allegations of this paragraph.

118.    The allegations of this paragraph set forth assertions of law to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

119.    The allegations of this paragraph set forth assertions of law to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

120.    The allegations of this paragraph set forth assertions of law to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

121.    The allegations of this paragraph set forth assertions of law to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

122.    The allegations of this paragraph set forth assertions of law to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

123.    The allegations of this paragraph set forth assertions of law to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

Pertaining to the WHEREFORE clauses following the preceding paragraph, Defendant denies the allegations thereof, and affirmatively states that Plaintiff is not entitled to the order and judgment he seeks.

## COUNT SEVEN
### (Denial of Discharge Pursuant to 11 U.S.C. § 727(a)(2)

124.    Defendant repeats and realleges its responses set forth above as if fully set forth herein.

125.    Defendant denies the allegations of this paragraph.

126.    Defendant admits Evergreen Wholesale Inc. was dissolved on April 8, 2023.

127.    Defendant denies the allegations of this paragraph.

128.    Defendant denies the allegations of this paragraph.

129.    The allegations of this paragraph set forth assertions of law to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

130.    The allegations of this paragraph set forth assertions of law to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

Pertaining to the WHEREFORE clauses following the preceding paragraph, Defendant denies the allegations thereof, and affirmatively states that Plaintiff is not entitled to the order and judgment he seeks.

**<u>COUNT EIGHT</u>**
**(Denial of Discharge Pursuant to 11 U.S.C. § 727(a)(2))**

131.    Defendant repeats and realleges its responses set forth above as if fully set forth herein.

132.    Defendant admits that he has made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times.  Defendant admits that mortgage payments were made from business accounts, but states that such payments were made to provide housing for the Defendant and his family. Defendant denies that such payments were improper or intended to conceal assets or transfer value to others.  Defendant admits an independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition.  *See* D.I. 24.  Defendant denies all remaining allegations of this paragraph.

133.    Defendant admits that he has made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times.  Defendant admits that mortgage payments were made from business accounts, but states that such payments were made to provide housing for the Defendant and his family. Defendant denies that such payments were improper or intended to conceal assets or transfer value to others.  Defendant denies all remaining allegations of this paragraph.

134.    The allegations of this paragraph set forth assertions of law to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

135.    The allegations of this paragraph set forth assertions of law to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

136.    The allegations of this paragraph set forth assertions of law to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

137.    The allegations of this paragraph set forth assertions of law to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

138.    The allegations of this paragraph set forth assertions of law to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

## COUNT NINE
(Denial of Discharge Pursuant to 11 U.S.C. § 727(a)(2))

139.    Defendant repeats and realleges its responses set forth above as if fully set forth herein.

140.    The allegations of this paragraph set forth assertions of law to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

141.    The allegations of this paragraph set forth assertions of law to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

142.    The allegations of this paragraph set forth assertions of law to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

143.    The allegations of this paragraph set forth assertions of law to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

144.    The allegations of this paragraph set forth assertions of law to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

Pertaining to the WHEREFORE clauses following the preceding paragraph, Defendant denies the allegations thereof, and affirmatively states that Plaintiff is not entitled to the order and judgment he seeks.

## **GENERAL**

1. To the extent that any allegations of the Complaint are not responded to in the paragraphs above, such allegations are denied.

2. An independent audit conducted by McBride, Lock & Associates on behalf of the United States Trustee found no material misstatements in the Debtor's schedules, statements, or petition. *See* D.I. 24.

3. Mortgage and car payments were made from business accounts. Those payments were made to provide housing and transportation for the Defendant and his family. Defendant denies that these mortgage and car payments were improper, or intended to conceal assets or transfer value to others. Defendant denies all remaining allegations of this paragraph.

## **AFFIRMATIVE DEFENSES**

4. Defendant hereby sets forth the following defenses, without admitting that any of them technically are "affirmative defenses" and/or that Defendant bears the burden of proof or persuasion with respect to any of these defenses.

5. The Complaint fails to state a claim upon which relief can be granted.

6. The Plaintiff's claims may be barred in whole or in part by the expiration of the limitations period specified in 11 U.S.C. § 546.

7. The Plaintiff's claims may be barred, in whole or in part, because the named Plaintiff lacks standing to sue the Defendant.

8. The Plaintiff's claims may be barred in whole or in part by the doctrine of unclean hands.

9.  The Plaintiff's claims may be barred in whole or in part by the doctrine of estoppel.

10.  The Plaintiff's claims may be barred in whole or in part by the doctrines of waiver, laches and/or ratification.

11.  Defendant made complete, accurate, and timely disclosures in all filings, submissions, testimony, and at all times.

12.  Mortgage and car payments were made from business accounts. Those payments were made to provide housing and transportation for the Defendant and his family. Defendant denies that these mortgage and car payments were improper, or intended to conceal assets or transfer value to others.  Defendant denies all remaining allegations of this paragraph.

13.  The Defendant at all times acted in good faith and without intent to hinder, delay, or defraud creditors.

14.  The Defendant fully complied with all requirements of the Bankruptcy Code, including disclosure and cooperation with the Trustee.

15.  To the extent that payments were made to or on behalf of family members, such payments were made in the ordinary course and not with intent to conceal, hinder, delay, or defraud creditors.

16.  Plaintiff cannot demonstrate that any creditor was harmed or prejudiced by the alleged conduct.

17.  The Complaint improperly seeks to recharacterize legitimate family support and ordinary household arrangements as improper, fraudulent transfers or concealment.

18.  The United States Trustee's independent audit of the Debtor's petition, schedules, and related filings concluded that there were no material misstatements concerning income, expenditures, or assets. This finding independently supports the conclusion that the Debtor acted

in good faith, made full and accurate disclosures, and did not knowingly or fraudulently make a false oath or account.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES

19.    Defendant reserves the right to amend this answer to assert additional affirmative defenses that become known to Defendant through discovery or otherwise.

WHEREFORE, Defendant respectfully requests that judgment be entered in its favor and against the Plaintiff:

a) Dismissing all counts in the Complaint with prejudice and on the merits;

b) Awarding Defendant all attorneys' fees, costs and expenses incurred in defending this lawsuit, and;

c) Granting such other relief to Defendant as the Court deems just and proper.


Dated:  April 5, 2025                    Respectfully submitted,

                                         KASEN & KASEN, P.C.

                                         */s/ Jenny R. Kasen*
                                         Jenny R. Kasen, Esquire (NJ Bar No. 02771)
                                         Society Hill Office Park
                                         1874 E. Marlton Pike, Suite 3
                                         Cherry Hill, NJ  08003
                                         Telephone (856) 424-4144
                                         Facsimile (856) 424-7565
                                         E-Mail: jkasen@kasenlaw.com

                                         *Counsel to Defendant*